```
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF PUERTO RICO

JERALINE SANTIAGO, et al.,

     Plaintiffs,
                                        Civil No. 08-1533 (JAF)
     v.

COMMONWEALTH OF PUERTO RICO,
et al.,

     Defendants.
```

**OPINION AND ORDER**

Plaintiffs, Jeraline Santiago and Jherald A.-S. ("Jherald"), bring this action against Defendants, the Commonwealth of Puerto Rico; Rafael Aragunde; FNU Rivera; Freddy Márquez;[1] Guillermo Cotto, Luz Oyola, and the conjugal partnership between them; and two unknown companies. (Docket No. 20.) Plaintiffs allege violations of Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688; substantive due process under the Fourteenth Amendment, which is remediable under 42 U.S.C. § 1983; and Puerto Rico law. (Id.) Cotto, Oyola, and their conjugal partnership ("Movants") move for summary judgment pursuant to Federal Rules of Civil Procedure 56. (Docket No. 74.) Plaintiffs oppose the motion. (Docket No. 79.)

---

[1] Plaintiffs have voluntarily dismissed without prejudice their claims against Márquez. (Docket Nos. 27; 31.)

# I.

## **Factual and Procedural Synopsis**

We derive the following facts from the parties' pleadings and briefs, and Plaintiffs' statement of uncontested material facts and appended exhibit. (Docket Nos. 20; 26; 74; 75; 79.)

Santiago is the mother of Jherald, a minor. Plaintiffs allege that, on October 15, 2003, when Jherald was six years old, Márquez, a school bus driver, picked up Jherald. According to Plaintiffs, Márquez molested Jherald en route to school. Santiago allegedly visited the public school the following day to lodge a complaint, but received no answer from Rivera, the principal.

Aragunde was the Puerto Rico secretary of education at the time of the alleged incident. Cotto owns and operates the unknown private bus company that employed Márquez, allegedly under contract with the Puerto Rico Department of Education (the "Department"). Oyola is Cotto's spouse.

On May 7, 2008, Plaintiffs commenced this action in federal district court. (Docket No. 1.) On September 16, 2008, Plaintiffs moved to voluntarily dismiss their claims against Aragunde (Docket No. 16), which we granted (Docket No. 19). On September 22, 2008, Plaintiffs filed an amended complaint which named Aragunde as a defendant in the caption, but omitted the Department, notwithstanding averments that referred to the Department as a defendant. (Docket No. 20.) On December 3, 2008, Plaintiffs moved to dismiss without

Civil No. 08-1533 (JAF)                                                -3-

prejudice their claims against Márquez (Docket No. 27), which we granted (Docket Nos. 28; 31). On August 25, 2009, Movants moved for summary judgment (Docket No. 74), and Plaintiffs opposed on September 14, 2009 (Docket No. 79).

## II.

### Summary Judgment under Rule 56(c)

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In evaluating a motion for summary judgment, we view the record in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

"Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy

Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)). The non-movant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). We may grant summary judgment sua sponte, provided that discovery has sufficiently progressed for the court to determine relevant facts and the target has at least ten days' notice to contest the impending judgment. Stella v. Town of Tewksbury, 4 F.3d 53, 55-56 (1st Cir. 1993).

## III.

## Analysis

### A. Motion for Summary Judgment

Movants contend that they are entitled to summary judgment on the grounds that (1) Title IX does not cover sexual molestation as a form of sex discrimination, and (2) Cotto is not supervisorily liable under 42 U.S.C. § 1983 because he had no knowledge of any substantial risk of serious harm to Jherald. (Docket No. 74.) For the reasons stated herein, we deny Movants' motion but find other grounds for sua-sponte summary judgment.

#### 1. Title IX

Plaintiffs' amended complaint never accused Movants of violating Title IX. (See Docket No. 20.) However, as Movants introduced this issue into the case (Docket No. 74), and Plaintiffs traversed it by argumentation (Docket No. 79), the claim is now part of the case by

Civil No. 08-1533 (JAF)                                                     -5-

1   constructive amendment of the pleadings.  See Rodríguez v. Doral
2   Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995).
3          Title IX prohibits sex-based discrimination by educational
4   institutions receiving federal funds, 20 U.S.C. § 1681(a), and may be
5   enforced by private causes of action, Franklin v. Gwinnett County
6   Pub. Sch., 503 U.S. 60, 76 (1992).  Movants cite no law to support
7   their proposition that Title IX does not contemplate sexual
8   molestation within its ambit of prohibited sex discrimination.
9   (Docket No. 74.)  We refuse to credit such conclusory remarks.  See
10  Celotex Corp., 477 U.S. at 325 (requiring movant to make initial
11  demonstration of entitlement to judgment as a matter of law).
12         Nevertheless, Title IX permits recovery against institutions,
13  not individuals.  Fitzgerald v. Barnstable Sch. Comm., 129 S. Ct.
14  788, 796 (2009).  Although it appears that Movants are entitled to
15  summary judgment in this regard, we afford Plaintiffs an opportunity
16  to demonstrate otherwise.
17         **2.   Section 1983**
18         Movants argue that they cannot be held liable as supervisors of
19  Márquez because they had no knowledge of his sexually-deviant
20  behavior.  (Docket No. 74.)  However, the exhibit that Movants submit
21  in support of this contention is solely in Spanish (Docket No. 75),
22  in contravention of Local Civil Rule 10(b), which requires
23  translation to English. We, therefore, cannot consider Movants'

Civil No. 08-1533 (JAF)                                                    -6-

argument. See Puerto Ricans for P.R. Party v. Dalmau, 544 F.3d 58, 67 (1st Cir. 2008).

However, we are unconvinced that § 1983 is an appropriate vehicle to impose liability against Movants. Under 42 U.S.C. § 1983, plaintiffs may seek redress for the deprivation of their federal rights by territorial governments. For the purposes of § 1983, the Due Process Clause applies to Puerto Rico, whether under the Fifth or Fourteenth Amendment. Examining Bd. of Eng'rs, Architects & Surveyors v. Flores de Otero, 426 U.S. 572, 599-600 (1976).

For an action to lie under 42 U.S.C. § 1983 against private persons, such persons must have acted under color of law so that their conduct could be deemed state action. See Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997). The First Circuit test for state action by private actors is whether there exists "(1) . . . an elaborate financial or regulatory nexus between [Defendants] and the government of Puerto Rico which compelled [Defendants] to act as they did, (2) an assumption by [Defendants] of a traditional public function, or (3) a symbiotic relationship involving the sharing of profits." Barrios-Velázquez v. Asociación de Empleados, 84 F.3d 487, 493 (1st Cir. 1996) (alterations in original) (quoting Rodríguez-García v. Dávila, 904 F.2d 90, 94 (1st Cir. 1990)).

The First Circuit has not ruled specifically on the susceptibility of school bus companies and their drivers to § 1983

liability. See, e.g., Fitzgerald v. Barnstable Sch. Comm., 504 F.3d 165 (1st Cir. 2007) (finding no violation of Title IX and rejecting § 1983 claim under Equal Protection Clause against school officials), rev'd, 129 S. Ct. 788; Porto v. Town of Tewksbury, 488 F.3d 67 (1st Cir. 2007) (finding no liability under Title IX). In an analogous situation, however, the Third Circuit held, "[A] state contractor and its employees are not state actors simply because they are carrying out a state sponsored program and the contractor is being compensated therefor by the state." Black v. Ind. Area Sch. Dist., 985 F.2d 707, 710 (3d Cir. 1993) (holding that bus company and driver could not be held liable under § 1983 for driver's molestation of schoolchildren). First, the court found that no state regulation governed molestation by bus drivers. Id. at 711. Second, the court held that transportation of schoolchildren is not traditionally an exclusively-governmental function. Id. Third, the court found no symbiotic relationship where the cooperation between the government and the contractor was limited to the performance of services under a contract. Id.

We find that the Third Circuit precedent is directly applicable to the instant case. Movants operate a private bus company that was under contract by the Department for the conveyance of pupils to and from a public school. We are aware of no regulations specifically commanding Movants' conduct with respect to alleged sexual molestation by their drivers. Parents are at liberty to transport

Civil No. 08-1533 (JAF)                                                  -8-

their children to school by alternate means.  Furthermore, Movants have no dealings with the Department beyond their performance on the contract.  Therefore, it appears that Movants are not state actors and cannot be accountable under § 1983 as a matter of law.  See id. at 709-11.  Before rendering judgment, however, we invite Plaintiffs to try to convince us as to the contrary.

**B.   Sovereign Immunity**

We lack the competence to try this case against the Commonwealth.  Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The applicability of sovereign immunity is a jurisdictional question.[2]  Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).  The Eleventh Amendment applies to bar suits against the Commonwealth.  Metcalf & Eddy, Inc. v. P.R. Aqueduct & Sewer Auth., 991 F.2d 935 (1st Cir. 1993).  Furthermore, Congress did not waive Eleventh Amendment immunity by enacting § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).  As the Commonwealth has not consented to litigation, we have no power to hear Plaintiffs' case against it.  See Metcalf & Eddy, 991 F.2d at 939.

---

[2] A federal district court has an independent obligation to review its subject-matter jurisdiction over all cases "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3). We may order sua-sponte dismissal if it is evident that we lack the power to decide a case. See Arbaugh, 546 U.S. at 514.

### C. Personal Jurisdiction

We find that we lack personal jurisdiction to try Plaintiffs' claims against Rivera, the two unknown companies, and Aragunde. Under the Federal Rule of Civil Procedure 4(m), if a plaintiff fails to properly serve a defendant with process within 120 days from the filing of the complaint, the court must either dismiss the complaint without prejudice or order the plaintiff to effect service within a specified time. In the case at bar, more than thirteen months have elapsed since Plaintiffs filed their amended complaint (Docket No. 20), and almost four months have passed since the end of discovery (Docket No. 62). Plaintiffs have had ample time to learn the actual names of Rivera and the two unknown companies and serve them with process, but have failed to do so without good cause.

Similarly, Plaintiffs have not served Aragunde with process to sustain a case against him. Although they voluntarily dismissed their claims against Aragunde (Docket Nos. 16; 19), Plaintiffs resurrected these claims in their amended complaint (Docket No. 20). If Plaintiffs will not diligently pursue their suit against Aragunde, we find no reason to grant additional time to effect service.

### IV.
### Conclusion

Accordingly, we hereby **DENY** Movants' motion for summary judgment (Docket No. 74). We **ORDER** Plaintiffs to **SHOW CAUSE** on or before **November 25, 2009**, as to why summary judgment for Movants would be

inappropriate. We **DISMISS** Plaintiffs' claims against the Commonwealth (Docket No. 20) **WITH PREJUDICE**, and we **DISMISS** Plaintiffs' claims against Aragunde, Rivera, and unknown defendants (id.) **WITHOUT PREJUDICE.** We **RESERVE JUDGMENT** on Plaintiffs' claims against Movants under Puerto Rico law (id.), including whether the local claims should be retained in federal court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of November, 2009.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge