UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| JERALINE SANTIAGO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Defendants. | Civil No. 08-1533 (JAF) |

**O R D E R**

On November 12, 2009, we issued an Opinion and Order denying the motion to dismiss filed by Defendants Guillermo Cotto, Luz Oyola, and the conjugal partnership between them ("Movants"); dismissing Plaintiffs' claims against the Commonwealth; and ordering Plaintiffs to show cause as to why we should not grant sua-sponte summary judgment for Movants on all federal claims. (Docket No. 93.) Plaintiffs filed dual motions in compliance and for reconsideration on November 20 (Docket No. 96); Movants responded on December 4 (Docket No. 102). Movants also sought reconsideration of our Opinion and Order on November 24. (Docket No. 97.) We address in turn Plaintiffs' arguments against summary judgment and the two motions for reconsideration.

Civil No. 08-1533 (JAF)                                                                                           -2-

In answering our order to show cause, Plaintiffs do not contest our determination that Movants cannot be held liable under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688.[1] (Docket No. 96.) Instead, Plaintiffs argue that Movants are state actors for the purposes of 42 U.S.C. § 1983, and that we should not apply the Third Circuit precedent in Black v. Indiana Area School District, 985 F.2d 707 (3d Cir. 1993), to deny relief in this case. (Docket No. 96.) The Black court held that private school bus operators may not be held liable under § 1983, because the carriage of schoolchildren to school is not a traditional public function. 985 F.2d at 710-11.

Plaintiffs' principal contention is that Black is distinguishable as it involved the conveyance of average school pupils, whereas the public contract for transportation in the instant case stems from a legislative mandate to provide carriage to disabled children. (Id.) Plaintiffs characterize this provision of transportation as both a non-delegable duty of the Puerto Rico Department of Education and a right granted to disabled schoolchildren by statute. (Id.) Plaintiffs draw our attention to the fact that the Department is required to furnish such services, unlike Black, where there was no express legal requirement to transport schoolchildren. (Id.)

The proper focus of our inquiry under Black, however, is not the legislative mandate imposed upon state agencies, but rather the nature of the service provided. See 985 F.2d at 710. "[T]he function performed must have been 'traditionally the exclusive prerogative of the

---

[1] We agree with Plaintiffs that their amended complaint did not accuse Movants of violating Title IX (Docket No. 96). Nevertheless, the parties constructively pleaded the issue into this case (Docket No. 93).

State.'" Id. (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)). The purpose of this test is to prevent states from abdicating their constitutional responsibilities by delegating traditional governmental roles to private parties. Barrios-Velázquez v. Asociación de Empleados, 84 F.3d 487, 493-94 (1st Cir. 1996). In Black, the Third Circuit held that the state's use of private contractors to provide school buses was not delegation of a traditional public function. 985 F.2d at 710-11.

We find the present case indistinguishable from Black. Movants' transportation of children to school did not supplant a traditionally-exclusive governmental prerogative. Even if the Department was under a legislative mandate to supply disabled children with carriage, Plaintiffs remained free at all times to arrange for alternate conveyance.[2] Indeed, even a law forcing parents to send their children on school buses would not transform the transportation of pupils into a traditional governmental function.

Furthermore, Plaintiffs do not contend that Commonwealth regulations required Movants to employ the alleged child molester, or that Movants were entangled in a close relationship with the Commonwealth such that Movants' business could not function on its own.[3] (Docket No. 96.) The First Circuit test for state action by private persons encompasses two additional

---

[2] To the extent that Plaintiffs rely on the legislative mandate to refute our public-function analysis, Plaintiffs confuse their statutory entitlement for a compulsory requirement to use public services.

[3] Plaintiffs attempt to distinguish Black on a further ground that is separate from its discussion of traditional governmental function. (Docket No. 96.) Black held that state laws compelling school attendance did not create an affirmative duty for school officials to monitor schoolchildren on buses, because parents could send their children to school themselves. 985 F.2d at 714. This matter does not concern us, as Movants are not state actors and, hence, are not susceptible to any heightened duties under § 1983, whether or not they exist.

Civil No. 08-1533 (JAF) -4-

prongs besides traditional public functions: The existence of a financial or regulatory nexus between the state and the defendant that compelled the alleged misconduct, or a symbiotic relationship between the state and the defendant that is characterized by interdependence. Barrios-Velázquez, 84 F.3d at 493-95. Because neither situation appears in this case, Plaintiffs are bereft of grounds to charge Movants as state actors under 42 U.S.C. § 1983. See id.; cf. Black, 985 F.2d at 710-11. As we are satisfied that Plaintiffs may assert no federal claims against Movants as a matter of law, we decline to exercise supplemental jurisdiction over Plaintiffs' associated claims against Movants under Puerto Rico law. See 28 U.S.C. § 1367(c)(3); Rivera v. Murphy, 979 F.2d 259, 264 (1st Cir. 1992).

Plaintiffs also seek reconsideration of our dismissal of their claims against the Commonwealth on the grounds that their amended complaint included a claim under Title IX.[4] (Docket No. 96.) In ordering dismissal pursuant to the Commonwealth's Eleventh Amendment immunity, we construed Plaintiffs' amended complaint to use 42 U.S.C. § 1983 as a vehicle for redressing the Commonwealth's alleged Title IX violation. (Docket No. 93.)

We agree with Plaintiffs that their amended complaint also plausibly asserts a claim against the Commonwealth under Title IX itself. (See Docket No. 20.) Private litigants may sue public entities for alleged sex discrimination in violation of Title IX. See 20 U.S.C.

---

[4] Pursuant to Federal Rule of Civil Procedure 59(e), we entertain motions for reconsideration to (1) correct manifest errors of law or fact, (2) consider newly-discovered evidence, (3) incorporate an intervening change in the law, or (4) otherwise prevent manifest injustice. See Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Civil No. 08-1533 (JAF)                                                                                              -5-

§ 1681(a); Fitzgerald v. Barnstable Sch. Comm., 129 S. Ct. 788, 796 (2009).  Congress has expressly waived Eleventh Amendment immunity under Title IX as a condition for federal educational funding.  42 U.S.C. § 2000d-7(a); see Torres v. Commonwealth of Puerto Rico, 485 F.3d 5, 9 n.5 (1st Cir. 2007).  Plaintiffs may, therefore, proceed on their Title IX claim against the Commonwealth.

Lastly, Movants move separately for reconsideration of our denial of their motion to dismiss.  (Docket No. 97.)  Because no claims remain against Movants, their petition is moot.

In view of the foregoing, we hereby **ORDER** partial summary judgment in favor of Movants on all federal claims; **GRANT** Plaintiffs' motion for reconsideration (Docket No. 96); and **DENY** as **MOOT** Movants' motion for reconsideration (Docket No. 97).

We **DISMISS** all federal claims against Movants (Docket No. 20) **WITH PREJUDICE** and all claims against Movants under Puerto Rico law (id.) **WITHOUT PREJUDICE**.

We **AMEND** our Opinion and Order dated November 12, 2009 (Docket No. 93), to **RETAIN** Plaintiffs' claim against the Commonwealth under Title IX only (Docket No. 20).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of December, 2009.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                Chief U.S. District Judge