UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JERALINE SANTIAGO, et al.,

  Plaintiffs,

  v.

COMMONWEALTH OF PUERTO RICO,
et al.,

  Defendants.

Civil No. 08-1533 (JAF)

**O R D E R**

On December 10, 2009, we issued an Order that amended our prior Opinion and Order (Docket No. 93) to reinstate Plaintiffs' claim against the Commonwealth of Puerto Rico under Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. §§ 1681-1688. (Docket No. 106.) We granted Plaintiffs' motion to reconsider our prior dismissal of their Title IX claim against the Commonwealth. (Id.) Now, the Commonwealth moves for reconsideration of the Order under Rule 59(e) (Docket No. 108), and Plaintiffs oppose (Docket No. 111).[1]

The Commonwealth argues that we should amend our Order to remove once again Plaintiffs' Title IX claim against it because, inter alia, the Commonwealth may not be held

---

[1] Under Rule 59(e), any party may move the court to alter or amend a judgment within twenty-eight days of its entry. Fed. R. Civ. P. 59(e). "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). Parties may not "introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).

Civil No. 08-1533 (JAF)                                                                                           -2-

liable for its alleged deliberate indifference toward a violation when the Department of Education had no direct control over the allegedly-culpable bus driver. (Docket No. 108.) Plaintiffs respond by arguing, inter alia, that the Commonwealth (1) may not introduce new arguments under Rule 59(e) that were previously available; and (2) was deliberately indifferent because of the Department's inadequate supervision of school bus companies. (Docket No. 111.) We discuss these issues in the order presented by Plaintiffs.

First, although Rule 59(e) does not permit a movant to present arguments that it had waived by omission, see Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997), the Commonwealth was never before obliged to raise the issues brought in the instant motion. We dismissed the claims against the Commonwealth sua sponte, without the benefit of its input. (Docket No. 93.) Thereafter, the Plaintiff petitioned for reconsideration, which we granted, but again without hearing the Commonwealth's position on the claims. (Docket No. 106.) Therefore, the Commonwealth never waived the arguments available to it under Rule 12(b)(6), which provides for dismissal through the end of trial.[2] See Fed. R. Civ. P. 12(h)(2).

---

[2] Because the Commonwealth challenges the sufficiency of Plaintiffs' amended complaint, we reference Rule 12(b)(6) for the appropriate standard for treating the instant motion for reconsideration. (See Docket No. 108.) Under Rule 12(b)(6), a defendant may move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).
    The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

Civil No. 08-1533 (JAF) -3-

Second, liability for deliberate indifference toward sexual harassment does not attach under Title IX unless the educational institution "exercises substantial control over both the harasser and the context in which the known harassment occurs."[3] Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 645 (1999). We find no decisional law in the First Circuit interpreting "substantial control" and scant authority elsewhere on the subject. See Davis, 526 U.S. at 646 (finding substantial control where "misconduct occurs during school hours and on school grounds"); Schrum v. Kluck, 249 F.3d 773, 782 (8th Cir. 2001) (finding no substantial control where abuser left defendant's employ); Murrell v. Sch. Dist. No. 1, 186 F.3d 1238, 1247 (10th Cir. 1999) (finding substantial control where high-ranking school official had authority to stop student-on-student abuse). We note, however, that the requirement avoids the "risk that the [educational institution] would be liable in damages not for its own official decision but instead for its employees' independent actions." Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290-91 (1998).

Plaintiffs aver that the Department acted with deliberate indifference by failing to adequately supervise the operations of its school bus contractors. (Docket No. 20 ¶¶ 35, 36, 45.) We previously dismissed the claims against the school bus company in this case because we

---

[3] To establish an educational institution's deliberate indifference under Title IX, a plaintiff must show that the defendant (1) had "actual knowledge" of the harassment; (2) was "deliberately indifferent" to the abuse; (3) had "substantial control over both the harasser and the context in which the known harassment occur[red]"; and (4) that the abuse was "so severe, pervasive, and objectively offensive that it can be said to deprive the victim[] of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 643, 645, 650 (1999). Furthermore, for the defendant to have actual knowledge, an "appropriate person" with the "authority to address the alleged discrimination and to institute corrective measures" must be apprised of the abuse. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998).

Civil No. 08-1533 (JAF) -4-

found that the company, as an independent contractor, was not a "state actor" for the purposes of 42 U.S.C. § 1983. (Docket No. 106.) Because the company is an independent contractor, we conclude that neither the Commonwealth nor the Department exercised substantial control over the bus driver and the bus where the alleged sexual abuse took place (Docket No. 20 ¶ 16). Consequently, the Commonwealth cannot be subject to liability under Title IX.

In view of the foregoing, we hereby **GRANT** the Commonwealth's motion for reconsideration (Docket No. 108). We **AMEND** our Order of December 10, 2009 (Docket No. 106), to **DISMISS WITH PREJUDICE** Plaintiffs' claim against the Commonwealth under Title IX. We **DISMISS** Plaintiffs' amended complaint (Docket No. 20) in its entirety.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of February, 2010.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U.S. District Judge